In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00310-CV
_____


IN RE COMMITMENT OF RYAN BARNEY BRYANT

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 12-10-10524 CV

**MEMORANDUM OPINION**

Raising two issues in his appeal, Ryan Barney Bryant appeals from an order of commitment rendered by the trial court after a jury found Bryant to be a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2014) (SVP statute). In issue one, Bryant contends that he was denied the assistance of counsel during a psychiatric examination conducted by the State's expert after the State filed its petition seeking to have him civilly committed for treatment as a sexually violent predator. In issue two, Bryant complains that the probative value of evidence, describing various details about the

1

sexually violent offenses he was convicted of committing, was substantially outweighed by the danger that this evidence would confuse or unfairly prejudice the jury. We conclude that Bryant's issues are without merit, and we affirm the judgment ordering Bryant's commitment.

In October 2012, the State filed a petition alleging that Bryant should be found to be a sexually violent predator and sought to have him civilly committed for treatment. Subsequently, the State filed a motion asking the trial court to require that Bryant undergo an examination by an expert, as authorized by section 841.061(c) of the Texas Health and Safety Code. *See id.* § 841.061(c) (West 2010). By order, the trial court authorized the State's expert to examine Bryant in a manner "[c]onsistent with the Texas Health and Safety Code § 841 specifications[.]" *See id.* § 841.061(c), (f) (West 2010).

When the State filed its request asking that Bryant be examined, Bryant asked the trial court to appoint counsel to represent him. The attorney the trial court appointed filed a motion asserting that Bryant had the right to have counsel present when being examined by the State's expert. Approximately two weeks later, Dr. David Self examined Bryant as authorized by the trial court's order, but Bryant's counsel was not present during the examination. The day after the examination occurred, the trial court denied Bryant's request asking to be allowed

2

to have counsel present at the exam. During Bryant's trial, Dr. Self testified about the examination and the role that it played in his risk assessment and evaluation.

In several cases decided after Bryant filed his brief, we rejected the identical argument that Bryant presents in issue one. In *In re Commitment of Smith*, we observed that "neither the SVP statute nor the Fourteenth Amendment require that counsel be present during a psychiatrist's post-petition examination." 422 S.W.3d 802, 807 (Tex. App.—Beaumont 2014, pet. denied); *see also In re Commitment of Richard*, No. 09-13-00539-CV, 2014 WL 2931852, at *4 (Tex. App.—Beaumont June 26, 2014, no pet.) (mem. op.); *In re Commitment of Letkiewicz*, No. 01-13-00919-CV, 2014 WL 2809819, at *11 n.4 (Tex. App.—Houston [1st Dist.] June 19, 2014, no pet.) (mem. op.); *In re Commitment of Cardenas*, No. 09-13-00484-CV, 2014 WL 2616972, at *4 (Tex. App.—Beaumont June 12, 2014, no pet.) (mem. op.); *In re Commitment of Muzzy*, No. 09-13-00496-CV, 2014 WL 1778254, at *1 (Tex. App.—Beaumont May 01, 2014, pet. denied) (mem. op.); *In re Commitment of Speed*, No. 09-13-00488-CV, 2014 WL 1663361, at *1 (Tex. App.—Beaumont Apr. 24, 2014, pet. filed) (mem. op.); *In re Commitment of Lemmons*, 09-13-00346-CV, 2014 WL 1400671, at *1 (Tex. App.—Beaumont Apr. 10, 2014, pet. denied) (mem. op.).

Bryant argues that his right to have counsel present during his examination by the State's expert is required by section 841.144(a). *See* Tex. Health & Safety Code Ann. § 841.144(a) (West 2010) (allowing a person that is subject to civil commitment proceedings under Chapter 841 to have the assistance of counsel "at all stages of the proceeding"). In Bryant's case, the trial court appointed counsel to represent Bryant before he was examined by the State's expert. Bryant does not explain how his right to have the advice of counsel was impaired when he had counsel to provide him with advice both before and after Dr. Self examined him. *See Smith*, 422 S.W.3d at 805. And, although Bryant and Dr. Self were deposed before trial, Bryant has not shown how he was harmed by not having counsel physically present during the examination. In Bryant's case, the record shows that during the trial, Bryant did not object to Dr. Self's testimony concerning what Bryant told Dr. Self during the examination, nor has Bryant explained how any of the information the State obtained from the examination would not have been available had the trial court granted Bryant's request to have counsel present during the examination. *See id.* at 806-07. Because Bryant has not shown that he was denied the right to assistance of counsel, we overrule issue one.

In issue two, Bryant contends the trial court abused its discretion by allowing the State's expert, Dr. Self, to describe to the jury certain details about his

prior sexual offenses. During trial, Bryant objected to Dr. Self's disclosing details about his prior sexual offenses. Bryant argued that Dr. Self's testimony about these matters was inadmissible as hearsay, and that admitting the information would be unfairly prejudicial. *See* Tex. R. Evid. 403, 705(d). The trial court overruled Bryant's objections. The record also reflects that before Dr. Self discussed the matters at issue, the trial court gave the jury a limiting instruction, admonishing the jury that: "Hearsay normally is not admissible. However, certain hearsay information contained in records reviewed by experts is allowed into evidence through expert testimony. Such evidence is admitted only for the purpose of showing the basis of the expert's opinion."

Rule 705(a) of the Texas Rules of Evidence allows an expert to disclose the facts or data on which the expert bases an opinion. *See* Tex. R. Evid. 705(a). If the trial court admits underlying facts or data that would otherwise be inadmissible, such as hearsay, the court, on request, is required to give the jury a limiting instruction. *See* Tex. R. Evid. 705(d). If the trial court has given the jury a limiting instruction, we presume that the trial court's instruction was followed. *See In re Commitment of Day*, 342 S.W.3d 193, 198-99 (Tex. App.—Beaumont 2011, pet. denied).

5

In Bryant's case, the trial court could have reasonably concluded that the details concerning Bryant's prior sexual offenses would be helpful to the jury's consideration of the methodology Dr. Self used in forming his opinions about Bryant. Dr. Self explained the facts that he considered in forming his opinions, and he explained how the facts concerning Bryant's prior sexual offenses influenced his opinions. Given the limiting instruction, the relevance of the information in explaining or supporting Dr. Self's opinions, and Dr. Self's testimony, we conclude the trial court had the discretion to admit the testimony at issue. *See In re Commitment of Simmons*, No. 09-11-00507-CV, 2013 WL 2285865, at **2-3 (Tex. App.—Beaumont May 23, 2013, no pet.) (mem. op.); *Day*, 342 S.W.3d at 199. Admitting the evidence at issue was neither an abuse of discretion nor did it cause the jury to reach an improper verdict. *See* Tex. R. App. P. 44.1(a)(1). We overrule issue two.

Having overruled both of Bryant's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on June 17, 2014
Opinion Delivered September 11, 2014
Before McKeithen, C.J., Kreger and Horton, JJ.

6